UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:10-cr-146-SEB-KPF-01 |
| v. | ORDER ON MOTIONS FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| JALIL WILLIAMS | (COMPASSIONATE RELEASE) |

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motions are:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:10-cr-00146-SEB-KPF |
| JALIL WILLIAMS, | ) ) -01 |
| Defendant. | ) ) ) |

## ORDER

Defendant Jalil Williams seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons explained below, Mr. Williams's motions are **denied**.

**I. Background**

In 2011, Mr. Williams pled guilty to two counts of interference with commerce by robbery, in violation of 18 U.S.C. § 1951 (counts 1, 7), one count of brandishing a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(B)(i) (count 8), and one count of interference with commerce by robbery, in violation of 18 U.S.C. § 1951 (count 12). Dkt. 45. The Court sentenced Mr. Williams to concurrent terms of 72 months of imprisonment on counts 1, 7, and 12, and 120 months of imprisonment on count 8, to run consecutively to counts 1, 7, and 12, for a total of 192 months of imprisonment. The Court also imposed 5 years of supervised release.

Mr. Williams filed his motions for compassionate release pro se. Dkts. 80, 81, 82. In his submissions, Mr. Williams argues that he establishes extraordinary and compelling reasons for compassionate release because he is at risk of severe illness should he contract COVID-19 again due to his underlying medical conditions (being a former smoker, primary hypertension, major depressive disorder, posttraumatic stress disorder). Mr. Williams argues that the following facts also establish extraordinary and compelling reasons to grant his release: he contracted COVID-19 while in BOP

2

custody which shows that the BOP cannot protect him from contracting COVID-19 again; the Senate Judiciary Committee and the Department of Justice forced the head of the BOP to resign after discovering that he intentionally embellished the BOP's management of the COVID-19 pandemic; USP Canaan is experiencing ongoing and repeated COVID-19 outbreaks; USP Canaan is again operating at Code Yellow Level 2 due to the spread of COVID-19; the BOP had a failed response to the COVID-19 pandemic; there is a continued spread of new COVID-19 variants; there was a disparity in treatment for Mr. Williams by the BOP; the COVID-19 pandemic has made Mr. Williams's incarceration harsher and more punitive than would otherwise have been the case; Mr. Williams's efforts at rehabilitation make apparent that he is not a danger to the safety of any other person or to the community; Mr. Williams's sentence would be shorter if he were sentenced today because Hobbs Act Robbery is no longer considered to be a crime of violence; Mr. Williams has served all but 15 months of his 192-month prison sentence; Mr. Williams had a difficult childhood; and the Supreme Court's new ruling regarding the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence. The Court has concluded that it does not require a response from the United States to resolve Mr. Williams's motions.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he

3

movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Williams's first reason for requesting a sentence reduction—the risk to his physical health presented by COVID-19, particularly in light of his medical conditions—is not an extraordinary and compelling reason to release him, either alone or in combination with any other reason. "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. Williams is fully vaccinated dkt. 82 at 5, and he has presented no evidence that he is unable to receive or benefit from the vaccine.[1] Additionally, Mr. Williams "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically, he has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022); *United States v. Hoskins*, No. 21-2912, 2022 WL 2187558, at *1 (7th Cir. June 16, 2022) (emphasizing that a defendant needs individualized evidence of why, despite his vaccination, his medical risks are extraordinary compared to the general population). The BOP also reports that, as of November 4, 2022, no inmates and only 5 staff members at Mr. Williams's current

---

[1] To the extent that Mr. Williams intended to argue that vaccination does not prevent infection due to the everchanging variants of COVID-19 that continue to emerge, that argument is unpersuasive. Dkt. 82 at 2. While it may be true that vaccinated individuals are nevertheless contracting COVID-19 due to variants such as Delta and Omicron, the vaccines still provide significant protection against severe illness, which is the Court's focus in a compassionate release motion. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited Oct. 30, 2022) ("COVID-19 vaccines used in the United States continue to protect against severe disease, hospitalization, and death from known circulating variants. They may not be as effective in preventing *infection* from these variants") (emphasis added).

4

facility (USP Canaan) have active cases of COVID-19. https://www.bop.gov/coronavirus/ (last visited Nov. 7, 2022). For these reasons, Mr. Williams has not carried his burden to show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A). *Barbee*, 25 F.4th at 533.

Mr. Williams next argues that the BOP has mishandled the pandemic, and due to the mishandling, the past two years of incarceration have been much more difficult than contemplated by the Court at sentencing, thus warranting a sentence reduction. Allegations regarding the handling of the pandemic might form the basis for relief in a civil suit filed in Mr. Williams's district of incarceration, but such allegations are not grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022) ("[T]o the extent that Miller challenges the conditions and medical care at [the prison] more generally, a compassionate-release motion is not the right vehicle.") (cleaned up). Every inmate at Mr. Williams's facility, and indeed, many inmates across the country, have dealt with similar issues due to the pandemic over the past two years. Mr. Williams has simply not shown that his situation is extraordinary as compared to other inmates. *United States v. Khelifi*, No. 21-3144, 2022 WL 3925623, at *1 (7th Cir. Aug. 31, 2022) (finding no extraordinary and compelling circumstances where prisoner did not provide individualized evidence for his argument that his prison mishandled the risks of the pandemic). Additionally, the fact that the BOP failed to prevent Mr. Williams from contracting COVID-19 is not a basis for release. *See United States v. Gaskins*, 1:16-cr-00249-JMS-MJD-01, dkt. 274 (finding that early release is not a remedy or reward for contracting COVID-19).

Mr. Williams contends that the sentencing disparity between the sentence he received and the sentence he might receive if he was sentenced today establishes an extraordinary and compelling reason to release him. Seventh Circuit precedent holds to the contrary. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (holding that non-retroactive change to statutory mandatory

minimum sentence was not extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i)); *see also United States v. Carr*, No. 21-3108, 2022 WL 1421441, at *1 (7th Cir. May 5, 2022) ("Changes in sentencing law are not extraordinary and compelling reasons for compassionate release."); *United States v. Herbert*, No. 21-3321, 2022 WL 1791964, at *2 (7th Cir. June 2, 2022) (non-retroactive changes to the guidelines are not grounds for compassionate release); *United States v. Watts*, No. 21-2867, 2022 WL 2208517, at *1 (7th Cir. June 21, 2022) (The court "lack[s] discretion under § 3582(c)(1)(A)(i) to reduce a statutory-minimum sentence asserted to be unfairly long. The appropriate path for prisoners to contest the length of their sentences is set forth in 28 U.S.C. § 2255.") (internal citation omitted). But Mr. Williams claims that such precedent was recently overruled by the United States Supreme Court in *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022), which held that "the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act." Dkt. 82 at 2. Thus, he invites the Court to find an extraordinary and compelling reason for a sentence reduction based on the fact that he would likely receive a shorter sentence if sentenced today.

Defendant's argument is not well-taken. *Concepcion* addressed a different portion of the First Step Act—§ 404, which allows a district court to resentence a defendant in certain situations. It has no bearing on Mr. Williams's motion, which falls under § 603 of the Act. As recently explained by the Seventh Circuit in a binding opinion:

> That the First Step Act did multiple things—lowering sentences for some cocaine cases, enabling prisoners to seek compassionate release on their own motions, and more—does not mean that every decision about any aspect of the First Step Act applies to every potential question under that statute. The First Step Act did not create or modify the "extraordinary and compelling reasons" threshold for eligibility; it just added prisoners to the list of persons who may file motions. We take the Supreme Court at its word that *Concepcion* is about matters that district judges may consider when they resentence defendants. So understood, *Concepcion* is irrelevant to the threshold question whether any given prisoner has established an "extraordinary and compelling reason for release."

6

*United States v. King*, 40 F.4th 594, 596 (7th Cir. 2022). As a result, the Seventh Circuit reiterated that "[t]here's nothing 'extraordinary' about new statutes or caselaw, or a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal of collateral review under 28 U.S.C. § 2255." *Id.* at 594. Thus, under controlling Seventh Circuit precedent, Mr. Williams cannot establish extraordinary and compelling reasons warranting relief under § 3582(c)(1)(A) based on changes in caselaw or his statute of conviction, even if those changes mean that Mr. Williams might receive a shorter sentence if he were sentenced today.

Mr. Williams's arguments about his difficult upbringing and the fact that he has completed a substantial portion of his sentence, are also unavailing. Unfortunately, many defendants have had difficult upbringings. And many defendants have completed substantial portions of their sentences. These facts are not extraordinary and compelling reasons warranting relief under § 3582(c)(1)(A), whether alone or in combination with any other factors.

That leaves Mr. Williams with one potentially extraordinary and compelling reason for a sentence reduction—his rehabilitation. While the strides Mr. Williams has made in prison are admirable, rehabilitation alone cannot be an extraordinary and compelling reason to reduce his sentence. *See United States v. Peoples*, 41 F.4th 837 (7th Cir. 2022) ("We cannot read § 3582(c) to permit good prison conduct and rehabilitation alone to override Congress's determinate sentencing scheme… rehabilitation cannot serve as a stand-alone reason for compassionate release") (cleaned up); *see also* 28 U.S.C. § 994(t). The Court does not find that Mr. Williams's rehabilitation, whether considered alone or in conjunction with any other reason, is an extraordinary and compelling reason to grant him compassionate release.

In sum, the Court does not find that any of the arguments made by Mr. Williams establish extraordinary and compelling reasons to release him, whether considered alone or in conjunction with

any other reason. Given this determination, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III. Conclusion

For the reasons stated above, Mr. Williams's motions for compassionate release, dkts. [80], [81] and [82], are **denied.**

**IT IS SO ORDERED.**

Date: 11/21/2022

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Jalil Williams
Reg. No. 08901-028
USP Canaan
U.S. Penitentiary
P.O. Box 300
Waymart, PA 18472

8