UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | | | |
|---|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | | |
| | ) | | | |
| Plaintiff, | ) | | | |
| | ) | | | |
| v. | ) | Cause No. | 1:10-cr-00146-SEB-MJD | |
| | ) | | | |
| JALIL WILLIAMS, | ) | | - 01 | |
| | ) | | | |
| Defendant. | ) | | | |

## REPORT AND RECOMMENDATION

On April 14, 2026, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on February 19, 2026. Defendant Williams appeared in person with his Federal Community Defender counsel Bill Dazey. The Government appeared by Assistant United States Attorney Kate Olivier. U.S. Probation appeared by Officer Justin Meier.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.    The Court advised Defendant Williams of his rights and ensured he had a copy of the Petition. Defendant Williams waived his right to a preliminary hearing and probable cause was found.

2.    After being placed under oath, Defendant Williams admitted violation numbers 1 through 3 in the Petition.

3.    The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid** |

**prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage."**

On December 31, 2025, Mr. Williams submitted a positive drug screen for cannabinoids, cocaine, and fentanyl. The drug screen was sent to the national laboratory for confirmation. Results received on January 30, 2026, confirmed positive for THC metabolite, and cocaine metabolite. On February 2, 2026, results confirmed the above-mentioned drug screen positive for fentanyl/norfentanyl.

On January 28, 2026, Mr. Williams submitted a drug screen testing positive for amphetamines, cannabinoids, cocaine, and fentanyl. In conversation, he admitted to consuming marijuana and cocaine.

On February 3, 2026, Mr. Williams submitted a drug screen testing positive for amphetamines, methamphetamine, cannabinoids, cocaine, and fentanyl. In conversation he admitted to consuming cocaine.

On February 13, 2026, Mr. Williams submitted a drug screen testing positive for cocaine, cannabinoids, and fentanyl. In conversation, Mr. Williams admitted to consuming cocaine and marijuana, prior to the test.

As previously reported to the Court, Mr. Williams submitted a positive drug screen for cannabinoids, cocaine, amphetamine and fentanyl on September 11, 2025. In conversation, he admitted to using marijuana, crack cocaine, methamphetamine, and fentanyl. On October 10, 2025, he submitted a drug screen testing positive for cannabinoids and cocaine. He admitted to using marijuana the day prior. On November 17, 2025, Mr. Williams submitted a positive drug screen for cannabinoids, cocaine, and fentanyl. He admitted to use of the illicit substances.

2    **"You shall report to the probation officer in a manner and frequency directed by the court or probation officer."**

Mr. Williams failed to report into the probation office as directed on January 6; January 20; and again, on February 18, 2026.

3    **"You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician. The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer."**

2

Mr. Williams originally participated in counseling services through Eskenazi. In conversation, he admitted to not having an interest in participating through Eskenazi and has not attended.

On February 3, 2026, Mr. Williams was instructed to complete a same day intake through Cummins Behavioral Health Systems, Inc., and abide by their recommendations. Mr. Williams did not complete the same day intake or partake in services through Cummins Behavioral Health Systems, Inc.

4.     The parties stipulated that:

(a)     The highest grade of violation is a Grade B violation.

(b)     Defendant's criminal history category is II.

(c)     The range of imprisonment applicable upon revocation of supervised release, therefore, is 6 to 12 months of imprisonment.

5.     Defendant was afforded the right to make a statement should be choose to do so, and he did.  Counsel presented argument regarding proper disposition.  The Government argued for a sentence of 12 months imprisonment with 12 months of supervised release to follow.  Defendant's counsel argued for a sentence of 2 months imprisonment with 12 months of supervised release to follow.  Defendant requested placement at an inpatient rehabilitation program immediately following his release from custody.

6.     The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a) to the extent deemed appropriate by 18 U.S.C. § 3583(e), and as more fully set forth on the record, finds that the Defendant violated the conditions as admitted in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or designee for a period of 4 months of incarceration with 12 months of supervised release to follow. The undersigned further recommends that the U.S. Probation Office attempt to place Defendant in an inpatient substance abuse treatment program for a portion of the term of supervised release. Thus, in addition to the mandatory conditions of supervision, the following conditions of

supervised release will be imposed: "The defendant shall participate in a program of inpatient or residential substance abuse therapy and counseling that has been approved by the probation office or supervising officer. You must continue to participate in the inpatient or residential drug treatment program and abide by the conditions and recommendations of the program."

7.     Defendant Williams is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.  The Parties are hereby notified that the District Judge may reconsider any matter referred to a Magistrate Judge.  The parties waived the fourteen-day period to object to the Report and Recommendation.


Date: 4/16/2026                    *Kellie M. Barr*
                                   Kellie M. Barr
                                   United States Magistrate Judge
                                   Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system